docketing@venjuris.com
Michael Campillo
Arizona Bar No. 019014
**VENJURIS, P.C.**
1938 East Osborn Rd.
Phoenix, Arizona 85016
Tel: 602-631-9100
Fax: 602-631-4529
Email: mcampillo@venjuris.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cox Airparts LLC, a Kansas limited liability company;<br><br>        Plaintiff,<br><br> v.<br><br>Bruce Brown, in his individual capacity d/b/a Arizona Aircraft Accessories; Kevin Brown, in his individual capacity, d/b/a Arizona Aircraft Accessories; Arizona Aircraft Accessories LLC, Michael Polve, in his individual capacity, and MJP Services, LLC, an Arizona Limited Liability Company; Warrior Enterprises, Inc.,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Cox Airparts LLC ("Cox Airparts") for its Complaint against the Defendants Keven Brown, Bruce Brown, Arizona Aircraft Accessories, Arizona Aircraft Accessories, LLC, Michael Polve, MJP Services, LLC, Warrior Enterprises, Inc., alleges as follows:

### NATURE OF THE CASE

1.     This is an action for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and negligent and fraudulent inducement to a contract, and civil conspiracy under the common law of the State of Arizona.

### THE PARTIES

2.     Plaintiff, Cox Airparts, LLC, is a Kansas limited liability company with a place of business and mailing address of 3707 W. 30th St., Wichita, Kansas 67217.

3.     On information and belief, Defendant Bruce Brown is an adult individual who at relevant times was residing in Maricopa County Arizona with a mailing address of 566 E. Germann Rd., Suite 101, Gilbert, AZ 85297.

4.     On information and belief, Defendant Kevin Brown is an adult individual who at relevant times was residing in Maricopa County Arizona with a mailing address of 3442 E. Amber Lane, Gilbert AZ 85296.

5.     On information and belief, Arizona Aircraft Accessories ("AAA") is a d/b/a of Defendants Kevin Brown and Bruce Brown with a place of business at 566 E. Germann Rd., Suite 101, Gilbert, AZ 85297.

6.     On information and belief, Arizona Aircraft Accessories, LLC ("AAA LLC") is an Arizona limited liability company with an address of 7722 E. Velocity Way, Mesa AZ 85212.

7.      On information and belief, Michael Polve is an individual who at all relevant times was residing in Maricopa County Arizona with a mailing address of 7357 E Rochelle Cir., Mesa AZ, 85207, or 11261 E Stearn Ave., Mesa AZ 85212.

8.      On information and belief, MJP Services, LLC, is an is an Arizona limited liability company with a business address of 7357 E Rochelle Cir., Mesa AZ, 85207, or 11261 E. Stern Avenue, Mesa AZ 85121.

9.      On information and belief, Warrior Enterprises, Inc., is an is an Arizona corporation with a business address of 1917 S. Sabrina, Mesa AZ 85209.

## JURISDICTION AND VENUE

10.      Complete diversity of citizenship exists and the amount in controversy exceeds $75,000. Subject matter jurisdiction over Plaintiff's state common law claims is proper pursuant to 28 U.S.C. §§ 1332 and 1367.

11.      Venue in the United States District Court for the District of Arizona is proper under 28 U.S.C. § 1391(b) and (c).

12.      This Court has personal jurisdiction over the Defendant Kevin Brown and because he has a residence within Maricopa County, Arizona and because he committed acts within this State in violation of Plaintiff's rights under Arizona common law.

13.      This Court has personal jurisdiction over the Defendant Bruce Brown and because he has a residence within Maricopa County, Arizona and because he committed acts within this State in violation of Plaintiff's rights under Arizona common law.

14.      This Court has personal jurisdiction over the Defendant AAA, LLC, since it is an Arizona limited liability company with a place of business within Maricopa County, Arizona and because it committed acts within this State in violation of Plaintiff's rights under Arizona common law.

15.     This Court has personal jurisdiction over Kevin Brown, Bruce Brown, d/b/a AAA, and AAA, LLC, through contractual agreement to *in personam* jurisdiction and venue in this Court.

16.     This Court has personal jurisdiction over the Defendant Michael Polve because he resides withing Maricopa County, Arizona, and because he committed acts within this State in violation of Plaintiff's rights under Arizona common law.

17.     This Court has personal jurisdiction over the Defendant MJP Services, LLC, since it is an Arizona limited liability company with a place of business within Maricopa County, Arizona, and because it committed acts within this State in violation of Plaintiff's rights under Arizona common law

18.     This Court has personal jurisdiction over Defendant Warrior Enterprises, Inc., since it is or was an Arizona corporation, and had a place of business in Maricopa County, Arizona, and because it committed acts within this State in violation of Plaintiff's rights under Arizona common law.

### FACTS COMMON TO ALL COUNTS

#### AAA, LLC sale to Midwest Aerospace LTD, LLC

19.     On information and belief, the Brown Defendants d/b/a/ AAA, were at all times relevant to the acts alleged in this Complaint, the principals, owners, members, and managers of AAA, LLC. Defendants Bruce and Kevin Brown, AAA, and AAA, LLC are referred to collectively herein as the "Brown Defendants."

20.     On information and belief, in April 2020, the Brown Defendants contacted Plaintiff and indicated they wanted to sell their assets relating to the Piper Aircraft Corporation Piper PA-46 Series fixed-wing aircraft to focus on servicing helicopter transmissions and other related equipment.

21.     On information and belief, the Brown Defendants and Plaintiff continued discussions and negotiations regarding the Brown Defendants' PA-46 assets on and off from April 2020-March 2021.

22.     On information and belief, true and correct copies of some of the text communications between the Brown Defendants and the Plaintiff or its members or managers are attached as **exhibit A1** to the Declaration of Richard Cox in support of this Complaint, ¶ 3 (the "Cox Declaration").

23.     On information and belief, at about the same time, the Brown Defendants offered to sell, and did sell AAA, LLC, to Midwest Aerospace LTD, LLC of Arizona, in December 2020 or January 2021. See, Cox Declaration. ¶ 4.

24.     On information and belief, the Brown Defendants misrepresented, omitted, or failed to inform the Plaintiff of the offer for sale and sale of AAA, LLC, or any of its assets, to Midwest Aerospace LTD, LLC of Arizona. See id.

25.     On information and belief, Plaintiff did not know of the Brown Defendants' offer and sale of Arizona Aircraft Accessories, LLC, to Midwest Aerospace LTD, until December 2021.

26.     On information and belief, the Brown Defendants failed to inform the Plaintiff of their offer for sale and sale of Arizona Aircraft Accessories, LLC, to Midwest Aerospace LTD, LLC of Arizona, to trick or defraud the Plaintiff to enter into an agreement to purchase certain assets of AAA, and/or AAA, LLC.

27.     On information and belief, the Plaintiff justifiably relied on the omissions or misrepresentations of the Brown Defendants pertaining to ownership of AAA or its assets, or AAA, LLC, or its assets, when Plaintiff agreed to purchase certain assets of AAA and/or AAA, LLC.


**Asset Purchase Agreement**

28.     On information and belief, the Brown Defendants and Plaintiff entered into an Asset Purchase Agreement dated March 30, 2021 ("Asset Purchase Agreement"). A true and correct copy of the Asset Purchase Agreement is attached to the Cox Declaration as **exhibit A2**.

29.     On information and belief, the Asset Purchase Agreement memorializes that the Brown Defendants sold, conveyed, granted, transferred, or assigned to Plaintiff for four-hundred thousand dollars ($400,000), all right, title and interest to (i) the assets related to the production, overhaul, and repair of hydraulic components for Piper Malibu, Mirage, or Meridian aircraft, (ii) documentation possessed and used by the Brown Defendants comprising a list of suppliers, drawings, specifications and supplier contact information in the production, overhaul and/or repair of hydraulic component parts and inventory for aircraft, and internal documentation used by the Brown Defendants in the production of component parts inventory and the overhaul and repair of hydraulic components and actuators, which expressly included Approved Repair Processes, Overhaul/Repair Manuals, Technical Data and Drawings (the "Purchased Assets").

30.     Plaintiff paid, and the Brown Defendants received, $400,000 by wire transfers of $15,000, $165,000, $35,000, $30,000, $25,000, $30,000, $50,000, and $50,000. True and correct copies of the wire transfer orders are attached to the attached to the Cox Declaration as **exhibit A4**.

31.     Plaintiff wired $50,000 to Defendant Warrior Enterprises, Inc, on Nov. 18, 2020, and on information and belief, it transferred that money to the Brown Defendants.

32.     Plaintiff wired to Defendant MJP Services, LLC, $50,000 on January 27, 2021, $30,000 on February 25, 2021, $25,000 on March 19, 2021, $30,000 on March 26, 2021, $35,000 on March 31, 2021, $165,000 on March 31, 2021, and $15,000 on April 1, 2021, and on information and belief, it transferred some or all that money to the Brown Defendants.

33.     On information and belief, the Brown Defendants agreed in the Asset Purchase Agreement that as of March 31, 2021, (the "Closing Date"), that the Purchased Assets shall be the sole property of Plaintiff without regard to whether patent, copyright, or other legal protection is or has been sought, and that title to the

Purchased Assets, including FAA approvals or other rights related thereto vested with Plaintiff.

34.     On information and belief, the Brown Defendants covenanted in the Asset Purchase Agreement to deliver to Plaintiff a five (5) year non-compete, non-solicitation agreement and confidentiality agreement.

35.     On information and belief, conditions necessary to trigger Plaintiff's obligation to close on the Purchased Assets included, but was not limited to the Brown Defendants' representations of: their ability to convey the Purchased Assets free and clear of any encumbrances of any kind; an express affirmation of the representations made in the Asset Purchase Agreement; and a promise to deliver the executed non-compete, non-solicitation agreement and confidentiality agreement. See id.

36.     On information and belief, the Asset Purchase Agreement identifies "Arizona Aircraft Accessories" as the contracting party or the "Seller" and does not identify "Arizona Aircraft Accessories, LLC."

37.     On information and belief, the Asset Purchase Agreement expressly represents that the Purchased Assets are free and clear of any restrictions whatsoever and that the Plaintiff would receive good and marketable title to the Purchased Assets.

38.     On information and belief, the Brown Defendants expressly represented that the covenants or agreements made by them pursuant to the Asset Purchase Agreement were not inconsistent with any agreement, restriction, or obligations of the Brown Defendants.

39.     On information and belief, the entire Asset Purchase Agreement and specifically the preamble, recitations, and signature sections identify "Arizona Aircraft Accessories" as the contracting party or seller, do not identify or disclose that "Arizona Aircraft Accessories, LLC" is the contracting party, and the Brown Defendants signed their names in their individual capacities, rather than as members or managers of AAA, LLC.

40.     On information and belief, the Brown Defendants have total control over the management and activities of Arizona Aircraft Accessories and the observance of the corporate form would sanction a fraud or promote injustice.

41.      On information and belief, the Brown Defendants have total control over the management and activities of Arizona Aircraft Accessories, LLC, and the observance of the corporate form would sanction a fraud or promote injustice.

42.     Arizona Aircraft Accessories and Arizona Aircraft Accessories, LLC are the alter egos of Defendants Kevin Brown and Bruce Brown.

**Noncompetition Agreement**

43.     On information and belief, to persuade the Plaintiff to enter into the Asset Purchase Agreement, the Brown Defendants signed Noncompetition Agreement dated April 2, 2021. A true and correct copy of the Noncompetition Agreement is attached to the Cox Declaration as **exhibit A3**.

44.     On information and belief, the Noncompetition Agreement reaffirms that Plaintiff agreed to purchase from AAA and the Brown Defendants agreed to sell all right title and interest to the Purchased Assets which expressly included FAA processes and approvals related to the overhaul and repair of hydraulic components of the Piper Malibu, Mirage, Meridian aircraft, and those processes and approvals included but were not limited to the FAA 8110-3s identified as EA AA-261, EA AA-260, EA AA-258, EA AA-253 and EA AA-244.

45.     On information and belief, the Brown Defendants and AAA covenanted in the Noncompetition Agreement that could no longer use the Purchased Assets sold to Plaintiff, and that this covenant lasted indefinitely.

46.     On information and belief, the Brown Defendants and AAA covenanted in the Noncompetition Agreement that for five years from the date of the Noncompetition Agreement they would not directly or indirectly engage in any business as an owner, partner, agent, or employee of a third party, that competes with

the Plaintiff's business related to the Purchased Assets and a Hydraulic Components List that is attached to the Noncompetition Agreement, nor would they solicit any customer of the Plaintiff for the benefit of a third party that competes with Plaintiff.

47. On information and belief, the Noncompetition Agreement text "directly or indirectly engage in any business" includes but is not limited to, performing work as a contractor for a third party.

48. On information and belief, the Brown Defendants and AAA covenanted in the Noncompetition Agreement that that they shall not at any time within five (5) years from the date of this Noncompetition Agreement solicit (or attempt to solicit) induce (or attempt to induce), cause or facilitate any supplier of services or products to the Plaintiff to terminate or change his, her or its relationship with Plaintiff, or otherwise interfere with any relationship between the Plaintiff and any of the Plaintiff's suppliers of services or products.

49. On information and belief, the Brown Defendants and AAA agreed they would not at any time directly or indirectly copy, disseminate or use, for their personal benefit or the benefit of any third party, any of the FAA processes and approvals sold to Plaintiff by the Asset Purchase Agreement except as may be (i) required by law or (ii) as authorized in writing by Plaintiff.

50. On information and belief, the Brown Defendants and AAA did stipulate to the confidentiality and materiality of this information, and that it is and shall continue to be the exclusive proprietary property of Plaintiff, and further acknowledged and agreed that any default or breach by them under this Agreement will cause damage to Company in an amount difficult to ascertain and that in addition to any other relief to which Plaintiff may be entitled, Plaintiff shall be entitled to such injunctive relief as may be ordered by any court of competent jurisdiction including, but not limited to, an injunction restraining any violation of this Agreement and without the proof of actual damages.

51.     On information and belief, the Brown Defendants and AAA agreed that a prevailing party in an action to enforce the Noncompetition Agreement would have the right to collect from the other party, its reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing the Noncompetition Agreement.

52.     On information and belief, the entire Noncompetition Agreement and specifically the preamble, recitations, and signature sections identify "Arizona Aircraft Accessories" and the Brown Defendants as the contracting party, do not identify or disclose that "Arizona Aircraft Accessories, LLC" is the contracting party, and the Brown Defendants signed their names in their individual capacities, rather than as members or managers of AAA, LLC.

**Hydraulic Deal-Mead Aircraft**

53.     On information and belief, third-party Mead Aircraft Services, Inc., of Kansas ("MEAD") provides aircraft repair parts and services for Piper Malibu, Mirage, or Meridian aircraft.

54.     On information and belief, in July – August of 2021, Defendant Kevin Brown offered for sale to MEAD for forty-thousand dollars ($40,000) Plaintiff's Purchased Assets possessed by the Brown Defendants on the Closing Date, including (i) aircraft hydraulic overhaul/repair kits for use in the overhaul and repair of hydraulic aircraft actuators for Piper Malibu, Mirage, or Meridian aircraft, (ii) power pack reservoir kits for use in the overhaul and repair hydraulic power pack reservoirs for Piper Malibu, Mirage, or Meridian aircraft, (iii) Gar Kenyon brand and Parker-Hannifin brand repair parts for repair or overhaul of actuators and shafts for Piper Malibu, Mirage, or Meridian aircraft, (iv) and the tooling and technical data to perform repairs and overhauls of hydraulic aircraft actuators, power packs, and shafts of Piper Malibu, Mirage, or Meridian aircraft (the "Hydraulic Deal-Mead Aircraft").

A true and correct copy of the Hydraulic Deal-Mead Aircraft and supporting emails from the Brown Defendants are attached to the Cox Declaration as **exhibit A5**.

55.     On information and belief, Defendant Kevin Brown knew or should have known that the Hydraulic Deal-Mead Aircraft comprises an offer to sell to MEAD Plaintiff's Purchased Assets possessed by the Brown Defendants on the Closing Date.

56.     On information and belief, Defendant Kevin Brown knew or should have known that the Hydraulic Deal-Mead Aircraft offer directly or indirectly competes with Plaintiff's business related to the production, overhaul and repair of hydraulic components for the Piper Malibu, Mirage, or Meridian brand aircraft.

57.     On information and belief, and information and belief, Defendant Brown knew or should have known that the Hydraulic Deal-Mead Aircraft violates both the Asset Purchase Agreement and the Noncompetition Agreement.

### Defendants' Work for Midwest Aerospace LTD AZ

58.     On information and belief, Midwest Aerospace LTD of AZ ("MIDWEST") performs repair and overhaul work on aircraft, including repair and overhaul work on Piper Malibu, Mirage, or Meridian brand aircraft.

59.     On information and belief, Defendant Bruce Brown and Defendant Kevin Brown worked as employees, contractors, or agents, for MIDWEST since after the Asset Purchase Agreement and the Noncompetition Agreement.

60.     On information and belief, Defendant Michael Polve worked as an employee or contractor for the Brown Defendants.

61.     On information and belief, Defendant Bruce Brown, Defendant Kevin Brown remain working as employees, contractors, or agents for MIDWEST and have done so since after the Asset Purchase Agreement and the Noncompetition Agreement.

62.     On information and belief, Defendant Bruce Brown and Defendant Kevin Brown performed repair or overhaul work for MIDWEST on aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft.

63.     On information and belief, Defendant Michael Polve performed repair or overhaul work for MIDWEST on behalf of the Brown Defendants on aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft

64.     On information and belief, Defendant Bruce Brown and Defendant Kevin Brown have performed repair or overhaul work for MIDWEST on aircraft parts listed on the Hydraulic Components List, and had work performed by Defendant Michael Polve on their behalf for MIDWEST on aircraft parts listed on the Hydraulic Components List. True and correct copies of Authorized Release Certificates on which at least one of the Brown Defendants or Michael Polve have performed repair or overhaul work are attached to the Cox Declaration as **exhibit A7**.

65.     On information and belief, Defendant Bruce and Defendant Kevin Brown repair or overhaul services for MIDWEST comprises the unlicensed use of Plaintiff's Purchased Assets.

66.     On information and belief, Defendant Bruce and Defendant Kevin Brown repair or overhaul work for MIDWEST directly or indirectly competes with Plaintiff's business related to the production, overhaul and repair of hydraulic components for the Piper Malibu, Mirage, or Meridian brand aircraft.

67.     On information and belief, Defendant Bruce and Defendant Kevin Brown knew or should have known that performance of repairs or overhaul work for MIDWEST on aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft was in violation of both the Asset Purchase Agreement and the Noncompetition Agreement.

68.     On information and belief, Defendant Bruce and Defendant Kevin Brown knew or should have known that the agreement offered in the Hydraulic Deal-

Mead Aircraft violates their covenants in both the Asset Purchase Agreement and the Noncompetition Agreement.

**Sales to Malibu Aerospace**

69.    On information and belief, Malibu Aerospace ("MALIBU") performs servicing, repair and overhaul work on Piper Malibu, Mirage, or Meridian brand aircraft.

70.    On information and belief, the Brown Defendants and AAA have since after signing the Asset Purchase Agreement and Noncompetition Agreement, have serviced, overhauled, or sold, or performed, and are currently performing, repair or overhaul services on aircraft parts for sale to MALIBU for use in Piper Malibu, Mirage, or Meridian brand aircraft or are directly or indirectly engaged in business that overhauls or repairs aircraft parts on the Hydraulic Components List.

71.    On information and belief, since after signing the Asset Purchase Agreement and Noncompetition Agreement, the Brown Defendants and AAA have been compensated for servicing, overhauling, or selling the following aircraft parts to MALIBU which are aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft or are on the Hydraulic Components List:

| Part nos. | Description | Price ($) |
| --- | --- | --- |
| 89075-0190VH | 1 Parker Main Gear Actuator, Overhauled | 2550 |
| 89075-020QVH | 1 Parker Main Gear Actuator, Overhauled | 2550 |
| 102557-0030VH | Sequence Valve, Overhauled | 1950 |
| 83642-2 | Nose landing gear actuator Gar Kenyon, Overhauled | 2125 |
| 83769-3-E | NG door actuator | 850 |

True and correct copies of purchase orders by Malibu Aerospace to Arizona Aircraft Accessories are attached to the attached to the Cox Declaration as **exhibit A6**.

72.     On information and belief, the Brown Defendants' repair, overhaul services or sales to MALIBU comprises the unlicensed use of Plaintiff's Purchased Assets.

73.     On information and belief, the Brown Defendants' repair or overhaul work and sales to MALIBU directly or indirectly competes with Plaintiff's business related to the production, overhaul, and repair of hydraulic components for the Piper Malibu, Mirage, or Meridian brand aircraft.

74.     On information and belief, the Brown Defendants knew or should have known that the performed repairs or overhaul work for MALIBU on aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft was in violation of the Asset Purchase Agreement and/or the Noncompetition Agreement.

75.     On information and belief, and information and belief, Defendant Brown knew or should have known that the Hydraulic Deal-Mead Aircraft violates both the Asset Purchase Agreement and the Noncompetition Agreement.

### Part Sales "Cores" and "Green Tweed Seals"
### from Arizona Aircraft Accessories, LLC

76.     On information and belief, Asset Purchase Agreement obligated the Brown Defendants to transfer to Plaintiff all right and title to the Purchased Assets possessed by them on the Closing Date, which included the Brown Defendants' interest in all aircraft parts related to the production, overhaul, and repair of hydraulic components for Piper Malibu, Mirage, and Meridian brand aircraft and possessed by the Brown Defendants at closing of the Asset Purchase Agreement.

77.     On information and belief, the Brown Defendants possessed on the Closing Date, Purchased Assets parts related to the production, overhaul, and repair of hydraulic components for Piper Malibu, Mirage, and Meridian brand aircraft, but did not transfer the aircraft parts to Plaintiff.

78.     On information and belief, as of the Closing Date, the Brown Defendants possessed the following aircraft parts or listed on Arizona Aircraft Accessories, LLC sales invoice #5662 dated May 26, 2021.

| Part nos. | Quantity & Price Per Unit ($) | Price ($) |
|---|---|---|
| 102559-004/1FA13059-3 Hyd Power Pack | 2 x 3,000 | 6,000 |
| 102559-003/1FA13059-2 Hyd Power Pack | 1 x 3,000 | 3,000 |
| 102552-004/1FA10063-3 Nose Gear Actuator | 1 x 2,500 | 2,500 |
| 102551-004/1FA10064-3 2 Main Gear Actuator | 2 x 1,500 | 3000 |
| 102558-3/1FA10062-2 Gear Door Actuator | 1 x 1,000 | 1000 |
| 102558-004/1FA10062-2 Gear Door Actuator | 1 x 1500 | 1500 |
| PARTS/MAINTENANCE Reservoirs for the freebie power pack | 10 x 0.0 | 0 |
| **Total** | | **17,000** |

79.     On information and belief, the Brown Defendants intended to and did mislead the Plaintiff that it would transfer the Purchased Assets without additional consideration as required by the Asset Purchase Agreement.

80.     A true and correct copy of the Arizona Aircraft Accessories, LLC sales invoice #5662 dated May 26, 2021, is attached to the Cox Declaration as **exhibit A8**.

81.     On information and belief, instead of transferring without additional consideration as required by the Asset Purchase Agreement, the Brown Defendants, AAA and Arizona Aircraft Accessories, LLC, offered to sell and ship the aircraft

parts related to the production, overhaul, and repair of hydraulic components for Piper Malibu, Mirage, and Meridian brand aircraft possessed by the Brown Defendants at closing of the Asset Purchase Agreement to Plaintiff for sum of seventeen-thousand dollars ($17,000), as reflected on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021.

82.     Plaintiff accepted the Brown's offer and at the Brown Defendants' request, Plaintiff wired Defendant MJP Services, LLC, twenty-thousand dollars ($20,000) consideration for the aircraft parts listed on Arizona Aircraft Accessories, LLC sales invoice #5662. A true and correct copy of the wire transfer order is attached to the Cox Declaration as **exhibit A9**.

### Misrepresentation Regarding Green Tweed Seals

83.     On information and belief, the Brown Defendants represented that they had purchased Green Tweed brand aircraft component seals (the "Green Tweed Seals") that they would transfer to Plaintiff at their cost.

84.     On information and belief, Defendants altered the Green Tweed & Co., purchase order and mislead the Plaintiff as to the per unit pricing of the seals. True and correct copies of the original Green Tweed & Co. purchase order and the altered purchase order are attached to the Cox Declaration as **exhibits A10-1, A10-2**

85.     On information and belief, the Brown Defendants sold Green Tweed brand aircraft component seals (the "Green Tweed Seals") to Plaintiff comprising

| Green Tweed Description | Quantity | Amount total ($) |
|---|---|---|
| 7217MT-161-P2 | 50 AGT RING | 6845 |
| 7212FT-161-P2 | 100 AGT RING | 12,3000 |
| | | **19145** |

86.     Plaintiff paid $19,145 to Defendant MJP Services, LLC, for the Green Tweed Seals

87.     On information and belief, Defendant MJP Services, LLC, transferred some or all the funds to the Brown Defendants.

88.     On information and belief, the Brown Defendants have not transferred or shipped the aircraft parts listed on Arizona Aircraft Accessories, LLC sales invoice #5662, nor have the Defendants refunded the twenty-thousand dollars ($20,000) consideration that Plaintiff paid for the aircraft parts.

89.     On information and belief, the Brown Defendants intended to and did mislead the Plaintiff that it would sell the aircraft parts listed on Arizona Aircraft Accessories, LLC sales invoice #5662.

**Part Sales "Polve Gar Kenyon Cores" from Brown Defendants**

90.     On information and belief, on the Closing Date of the Asset Purchase Agreement, the Brown Defendants possessed additional aircraft parts comprising Purchased Assets.

91.     On information and belief, the Brown Defendants possessed the following aircraft parts on the Closing Date that covered by the Asset Purchase Agreement but failed to transfer the parts to the Plaintiff: Gar Kenyon Power pack, Main Gear, Nose Gear, Flap Selector, Gear Selector and Pressure Switch (the "Polve Gar Kenyon Cores").

92.     On information and belief, the Brown Defendants instead offered to sell the Polve Gar Kenyon Cores to Plaintiff for eight thousand dollars ($8,000).

93.     On information and belief, Defendant Kevin Brown misrepresented that the parts instead belonged to Defendant Michael Polve, whose sister-in-law was murdered over drugs and that she had three surviving children, and Defendant Polve needed money for costs. True and correct copies of text messages between Defendant Kevin Brown and Plaintiff are attached to the Cox Declaration as **exhibit A11.**

94.     Plaintiff wired eight thousand dollars ($8,000) to Defendant Kevin Brown's bank account for the Polve Gar Kenyon Cores.

95.     On information and belief, the Brown Defendants and Defendant Polve knew the Polve Gar Keyon Cores comprised Purchased Assets and intended to and did mislead the Plaintiff into purchasing assets that should have been delivered to Plaintiff under the Asset Purchase Agreement.

## COUNT I – BREACH OF CONTRACT

### (Brown Defendants)

96.     Plaintiff incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully alleged herein.

97.     The Brown Defendants breached the Asset Purchase Agreement and the Noncompetition Agreement when they offered to sell Plaintiff's Purchased Assets, aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft, or aircraft parts listed on the Hydraulic Components List aircraft parts to MEAD under the Hydraulic Deal-Mead Aircraft.

98.     The Brown Defendants breached the Asset Purchase Agreement and the Noncompetition Agreement when they used Plaintiff's Purchased Assets without license, performed repair or overhaul work on aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft, or on aircraft parts listed on the Hydraulic Components List, for MIDWEST.

99.     The Brown Defendants breached the Asset Purchase Agreement and the Noncompetition Agreement when they used Plaintiff's Purchased Assets without license, performed repair or overhaul work for MALIBU on aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft, or on aircraft parts listed on the Hydraulic Components List.

100.    The Brown Defendants breached the Asset Purchase Agreement and the Noncompetition Agreement by refusing to ship to Plaintiff aircraft parts listed on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021.

101.    The Brown Defendants breached the Asset Purchase Agreement and the Noncompetition Agreement when they agreed to sell and ship aircraft parts listed on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021, for seventeen-thousand dollars ($17,000), and received twenty-thousand dollars ($20,000) from Plaintiff but have failed to ship the aircraft parts listed on invoice #5662 dated May 26, 2021, to Plaintiff.

102.    The Brown Defendants' breaches of contracts have damaged the Plaintiff in an amount exceeding $75,000.

## COUNT II – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### (Brown Defendants)

103.    Plaintiff incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully alleged herein.

104.    At all times relevant, the Brown Defendants were bound by the covenant of good faith and fair dealing implied by the Asset Purchase Agreement and the Noncompetition Agreement and had a duty to act fairly, honestly, and in good faith towards and not prevent the Plaintiff from receiving the benefits of both agreements.

105.    The Brown Defendants breached the covenant of good faith and fair dealing by, among other things, offering for sale or selling Plaintiff's Purchased Assets, continued use Plaintiff's Purchased Assets without license in performance of repair or overhaul work on aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft, or engaging in repair or overhaul work on aircraft parts listed on the Hydraulic Components List of the Noncompetition Agreement, for MALIBU.

106.    The Brown Defendants breached the covenant of good faith and fair dealing by, among other things, continued use of Plaintiff's Purchased Assets without license in performance of repair or overhaul work on aircraft parts for use in Piper

Malibu, Mirage, or Meridian brand aircraft, or on aircraft parts listed on the Hydraulic Components List of the Noncompetition Agreement, for MIDWEST.

107.    The Brown Defendants breached the covenant of good faith and fair dealing by, among other things, by their refusal to ship to Plaintiff aircraft parts listed on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021, as part of the Purchased Assets.

108.    The Brown Defendants breached the covenant of good faith and fair dealing by, among other things, by their refusal ship aircraft parts sold to Plaintiff for seventeen-thousand dollars ($17,000) and reflected on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021.

109.    The Brown Defendants breaches of the covenant of good faith and fair dealing caused Plaintiff damages in amounts to be proven at trial.

## COUNT III – UNJUST ENRICHMENT

### (All Defendants)

110.    Plaintiff incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully alleged herein.

111.    The Brown Defendants have unjustly received the full benefit of the Asset Purchase Agreement, the Noncompetition Agreement, or the agreement to ship to Plaintiff aircraft parts listed on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021, and were the cause of or reason why the Plaintiff has not received its benefit of the same agreements and to which it is entitled.

112.    It would be unjust to allow the Brown Defendants to retain the benefit of the Asset Purchase Agreement, the Noncompetition Agreement, or the agreement to ship to Plaintiff aircraft parts listed on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021without commensurate compensation to Plaintiff.

113.    The Brown Defendants impaired or deprived the Plaintiff from receipt of the benefits of the Asset Purchase Agreement and the Noncompetition Agreement

by, among other things, continued use Plaintiff's Purchased Assets without license in performance of repair or overhaul work on aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft, or on aircraft parts listed on the Hydraulic Components List, for MALIBU.

114.    The Brown Defendants impaired or deprived the Plaintiff from receipt of the benefits of the Asset Purchase Agreement and the Noncompetition Agreement by, among other things, continued use of Plaintiff's Purchased Assets without license in performance of repair or overhaul work on aircraft parts for use in Piper Malibu, Mirage, or Meridian brand aircraft, or on aircraft parts listed on the Hydraulic Components List, for MIDWEST.

115.    The Brown Defendants impaired or deprived the Plaintiff from receipt of the benefits of the Asset Purchase Agreement and the Noncompetition Agreement by, among other things, their refusal to ship to Plaintiff aircraft parts listed on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021, as part of the Purchased Assets.

116.    All Defendants impaired or deprived the Plaintiff from receipt of the benefits of the agreement to sell and ship aircraft parts to Plaintiff for seventeen-thousand dollars ($17,000) and reflected on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021, when they received payment of twenty-thousand dollars ($20,000) but failed to ship the parts to Plaintiff.

117.    In the event that the Plaintiff has no other legal remedy, the Defendants have been unjustly enriched by the transactions pled herein and at the expense of the Plaintiff in amounts to be proven at trial.

## COUNT IV – NEGLIGENT INDUCEMENT OF A CONTRACT

(Brown Defendants)

118.    Plaintiff incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully alleged herein.

119.    The Brown Defendants provided false information to Plaintiff without regard to whether the information was true or false, or omitted material information from Plaintiff, to induce the Plaintiff to enter into the Asset Purchase Agreement, the Noncompetition Agreement, and/or the agreement to sell and ship aircraft parts to Plaintiff for seventeen-thousand dollars ($17,000) and reflected on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021.

120.    The Brown Defendants had a duty to disclose that it had offered to sell or did sell AAA or AAA, LLC, to Midwest Aerospace LTD, LLC, prior to or during their negotiations with the Plaintiff to purchase AAA or AAA, LLC.

121.    The Brown Defendants neglected to inform the Plaintiff that it had offered to sell and did sell AAA or AAA, LLC to Midwest Aerospace LTD, LLC, prior to or during negotiations with the Plaintiff to purchase AAA or AAA, LLC, in the Asset Purchase Agreement.

122.    The Plaintiff would not have entered into the Asset Purchase Agreement, Noncompetition Agreement, or the agreement to sell and ship aircraft parts to Plaintiff for seventeen-thousand dollars ($17,000) and reflected on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021, had Plaintiff known that the Brown Defendants had offered to sell and did sell AAA or AAA, LLC to Midwest Aerospace LTD, LLC,

123.    Plaintiff was justified in relying on the false information or omissions of the Brown Defendants when it entered into the Asset Purchase Agreement and the Noncompetition Agreement.

124.    Plaintiff seeks an award of damages to be proven at trial or an order from this Court rescinding the Asset Purchase Agreement, the Noncompetition Agreement, and the agreement to sell and ship aircraft parts to Plaintiff for seventeen-thousand dollars ($17,000) and reflected on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021, and a return of all consideration paid by Plaintiff under the agreements.

## COUNT V – FRAUDULENT INDUCEMENT OF A CONTRACT

(Brown Defendants)

125.    Plaintiff incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully alleged herein.

126.    The Brown Defendants, by their communications and actions, represented that they had and would continue to have title to AAA or AAA, LLC, or the assets of either, or were entitled to enter into the Asset Purchase Agreement.

127.    The Brown Defendants made the representation either with the knowledge that such representation was false or with reckless disregard as to its truth.

128.    The Brown Defendants made the representation with the intent of inducing the Plaintiff to enter into the Asset Purchase Agreement.

129.    The Plaintiff reasonably relied on the misrepresentation when entering into the Asset Purchase Agreement.

130.    The Brown Defendants' misrepresentation caused damages to the Plaintiff in an amount to be proven at trial.

131.    Plaintiff seeks an award of damages or an order from this Court rescinding the Asset Purchase Agreement, the Noncompetition Agreement, and the agreement to sell and ship aircraft parts to Plaintiff for seventeen-thousand dollars ($17,000) and reflected on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021, and a return of all consideration paid by Plaintiff under the agreements.

## COUNT VI – CIVIL CONSPIRACY

132.    Plaintiff incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully alleged herein.

133.    The Brown Defendants, agreed to misrepresent that they still held title to AAA, LLC, as of the Closing Date; their intent or promise to transfer to Plaintiff all

Purchased Assets possessed as of the Closing Date and agreed to separately offer to sell Plaintiff the assets it was entitled to under the Asset Purchase Agreement.

134.    The Brown Defendants, agreed to misrepresent their intent or promise to cease conduct prohibited by the Noncompetition Agreement and agreed to continue conduct prohibited by the Noncompetition Agreement.

135.    The Brown Defendants conspiracy caused damages to the Plaintiff in an amount to be proven at trial.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in his favor and against each Defendant as follows:

1.  For an order against each of the Brown Defendants jointly and severally that each be preliminarily and permanently enjoined from
    a.  continued or future use of Purchased Assets as defined by the Asset Purchase Agreement, whether the use is for itself or third parties, and
    b.  continued or future engagement of any business conduct prohibited under the Noncompetition Agreement;

2.  For an award against each Defendant jointly and severally for Plaintiff's actual, compensatory, expectation, general, and specific damages in an amount to be proven at trial, with pre- and post-judgment interest,

3.  Or, as alternative relief, an order from this Court rescinding the Asset Purchase Agreement, the Noncompetition Agreement, and the agreement to sell and ship aircraft parts to Plaintiff as reflected on Arizona Aircraft Accessories, LLC, invoice #5662 dated May 26, 2021, and a return of all consideration paid by Plaintiff under the agreements; and

4.  For an award against each Defendant jointly and severally for Plaintiff's costs and disbursements incurred and accruing costs.

5. For an award against each Defendant jointly and severally for reasonable attorneys' fees incurred by Plaintiff, pursuant to Arizona law and the contractual agreements between the parties, and any other basis the Court deems appropriate; and

6. For such other relief as the Court may deem just and reasonable under the circumstances.

Dated December 27, 2021

**Venjuris, P.C.**


By   /s/ Michael F. Campillo
Michael Campillo (AZ Bar 019014)
1938 East Osborn Road
Phoenix, Arizona 85016
Tel: 602-631-9100
Fax: 602-631-4529
E-Mail: mcampillo@venjuris.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

☐   I hereby certify that on _____, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| Name | Email Address |
|------|---------------|
|      |               |
|      |               |

☐   I hereby certify that on Month Day, Year, I served the attached document by CERTIFIED MAIL on the following, who are not registered participants of the CM/ECF System:

| Name | Physical or Email Address |
|------|---------------------------|
|      |                           |

s/  Michael F. Campillo